## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI


ADMIRAL INSURANCE COMPANY, )
           )
    Plaintiff,      )
           )
vs.           )   Case No.: 26-334
           )   (Judge)
VERVE DESIGN STUDIO, INC.    )   **Jury Trial Demanded**
   Serve:        )
   **Registered Agent Solutions**   **)**
   **99 Washington Ave., Suite 700** )
   **Albany New York, NY  12260** )
           )
    Defendant.     )


## COMPLAINT

COMES NOW Plaintiff Admiral Insurance Company ("Plaintiff"), by and through

counsel of record, and for its Complaint against Defendant Verve Design Studio, Inc.

("Defendant"), alleges and states as follows:


### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a Delaware corporation with its principal place of business in

   Scottsdale, Arizona.

2. Defendant is a New York Corporation, with its principal place of business located

   at 1558 S. Broadway, St. Louis, Missouri, 63104.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the

   amount in controversy exceeds $75,000, exclusive of interest and costs, and the

   parties are citizens of different states.

1

4. Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in this District and Defendant resides or conducts business here.

## FACTUAL BACKGROUND

5. Defendant provided architectural design services on a project for the installation of four cultivation flowering rooms in an existing facility owned by the Seneca Nation in Cuba, NY ("Project").

6. Defendant began working on this Project in August 2022.

7. Shortly after work began on this Project, serious problems began to emerge with the mechanical systems causing issues with adjusting and controlling the temperatures, humidity levels and other necessary environmental parameters on the Project.

8. In June 2024, Defendant conducted a field inspection on the Project and noted issues with the HVAC system, among others.

9. In late 2024, The Developer and the General Contractor on the Project contacted the Defendant to discuss the mechanical system issues. Defendant offered support if needed.

10. In May 2025, the Owner hired a professional mechanical engineering consulting firm to conduct a site visit to evaluate the HVAC systems and propose remedial measures. Upon information and belief, Defendant knew that this site visit was being conducted.

11. On or about June 10, 2025, Defendant submitted a New Business Application for a Claims-Made and Reported Policy which provides coverage for Claims first made against the insured and reported during the Policy period.

12. Plaintiff issued Professional Liability Policy No. EO000066766-01 ("Policy") to Defendant for the policy period August 14, 2025, to August 14, 2026, and retroactive back to August 13, 2023. A true and correct copy of the Policy is attached hereto as "Exhibit A".

13. The Policy is a Claims-Made and Reported Policy which provides coverage for Claims first made against the insured and reported during the Policy period.

14. Paragraph I(A)(3) of the Policy provides:

> I.  INSURING AGREEMENTS
> A. ARCHITECTS AND ENGINEERS PROFESSIONAL LIABIITY
>
> We will pay on behalf of the **Insured** those amounts, subject to the Limits of Liability and Deductible stated in the Declarations, that the **Insured** is legally obligated to pay as **Damages** resulting from a **Claim** first made against the **Insured** during the **Policy Period** and reported to us in writing during the **Policy Period**, or any applicable extended reporting period as described in Section **VIII.** EXTENDED REPORTING PERIOD provided that:
>
> \*\*\*
>
> 3. prior to the inception date of this Policy stated in the Declarations, no **Insured** knew or could have reasonably foreseen or expected that the **Professional Incident or Pollution Incident** or circumstances might give rise to a **Claim.**

15. Paragraph V.S(2) of the Policy provides:

> V. EXCLUSIONS APPLICABLE TO ALL INSURING AGREEMENTS

S. Prior Knowledge

2. any **Claim** based upon or arising out of, in whole or in part, directly or indirectly , any prior or pending litigation, **Claim**, fact, circumstance, subject, decision, transaction, event, situation, cause, proceeding or investigation made, presented, transmitted, filed or commenced on or before the inception date of this Policy stated in the Declaration, or alleging or derived from the same litigation, **Claim** or **Related Claim**, fact, circumstance, subject, decision, transaction, event, situation cause proceeding or investigation underlying or alleged therein.

16. On or about October 28, 2025, approximately two months after Plaintiff issued the Policy, Defendant was served with a Summons and Complaint in *Seneca Development, LLC v. Opus Consulting Group, et al.* pending in the Peacemaker Court of the Seneca Nation of Indians ("Lawsuit").

17. In the Lawsuit, Seneca Development LLC brought proceedings against Defendant and other contractors on the Project for breach of contract, breach of warranties, professional negligence, and other related claims arising from the HVAC systems on the Project.

18. Defendant requested coverage under the Policy for the claims made against it by Seneca Development LLC in the Lawsuit.

19. Plaintiff has declined coverage, reserved its rights under the Policy, and now seeks a judicial declaration that there is no coverage under the Policy for the claim brought by Seneca Development, LLC in the Lawsuit.

## DECLARATORY JUDGMENT (28 U.S.C. § 2201)

20. Plaintiff incorporates paragraphs 1–19 as if fully set forth herein.

4

21. Prior to the inception of the Policy, Defendant knew about circumstances, incidents, situations, or accidents on the Project which might result in claims being made against the Defendant.

22. Prior to the inception of the Policy, Defendant knew about deficiencies or alleged deficiencies in work where the Defendant performed professional services which might result in claims being made against the Defendant.

23. An actual controversy exists between Plaintiff and Defendant regarding coverage under the Policy.

24. A controversy exists between Plaintiff and Defendant concerning their respective rights and obligations under the Policy.

25. Plaintiff seeks a declaration that:

    a.  There is no coverage under the Policy for the claims brought by Seneca Development LLC against Defendant; and

    b.  Plaintiff has no duty to defend or indemnify Defendant for the claims brought by Seneca Development LLC.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment:

- Declaring that Plaintiff owes no duty to defend or indemnify Defendant for the claim.

- Awarding Plaintiff damages, costs, attorneys fees, and expenses incurred herein; and

- Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Gregory T. Henry*
Gregory T. Henry, Bar # 63390
Martha A. Halvordson, Bar #33545
1001 East 101st Terrace, Suite 300
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Fax: (816) 960-1669
ghenry@rddhi.law
mhalvordson@rddhi.law
*Attorneys for Plaintiff Admiral Insurance*
*Company*