**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:26-cv-00334 |
| VERVE DESIGN STUDIO, INC. | ) | Hon. John A. Ross |
| Defendant. | ) | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

**COME NOW**, Defendant VERVE Design Studio, Inc. ("**Defendant**" or "**VERVE**"), by and through its attorneys, Joseph C. Blanner, Matthew G. Koehler and the firm of McCarthy, Leonard & Kaemmerer, L.C., and hereby files its Answer, Affirmative Defenses, and Counterclaim ("**Answer**"). For this Answer, VERVE states:

**PARTIES, JURISDICTION AND VENUE**

1. VERVE lacks information to admit or deny the allegations in Paragraph 1, and so denies same.

2. Defendant admits its principal place of business is at 1558 S. Broadway, St. Louis, Missouri 63104, and denies the remaining allegations in Paragraph 2.

3. Paragraph 3 states legal conclusions, which do not require an answer. If an answer is deemed required, then Defendant denies the allegations in Paragraph 3.

4. Paragraph 4 states legal conclusions, which do not require an answer. If an answer is deemed required, then Defendant denies the allegations in Paragraph 4.

**FACTUAL BACKGROUND**

5. Admit, in part, and deny, in part. VERVE admits it provided services for a project located in Cuba, New York, pursuant to a written agreement, which written document is the best evidence of the content and terms therein. Defendant denies the remaining allegations in Paragraph 5.

6. Admit.

7. Denied.

8. Defendant admits a field visit was performed by one of its employees in June 2024, and denies the remaining allegations in Paragraph 8.

9. Denied.

10. Denied.

11. Admit a written application was submitted for a policy, which application and policy are the best evidence of the written terms set forth therein. Defendant denies the remaining allegations in Paragraph 11.

12. Admit a written policy was issued, which policy is the best evidence of the written terms set forth therein, including dates for coverage periods. Defendant denies there was an attachment of an "Exhibit A."

13. Admit a written policy was issued by Plaintiff to VERVE, which written document is the best evidence of its terms. Defendant denies the remaining allegations in Paragraph 13.

14. Admit a written policy was issued by Plaintiff to VERVE, which written document is the best evidence of its terms. Defendant denies the remaining allegations in Paragraph 14.

15. Admit a written policy was issued by Plaintiff to VERVE, which written document is the best evidence of its terms. Defendant denies the remaining allegations in Paragraph 15.

16. Admit.

17. Admit, in part, and denied in part. VERVE admits the complaint in the lawsuit asserts claims against it for breach of contract, unjust enrichment, negligence, professional negligence, and breach of implied warranties. The remaining allegations in Paragraph 17 are denied.

18. Admit, in part, and denied, in part. VERVE admits it requested coverage for the claims in the lawsuit. VERVE denies liability coverage was all that was requested, and/or that it did not request a defense to the claims in the lawsuit.

19. Admit Plaintiff denied VERVE coverage under the policy it issued and delivered a reservation of rights letter to VERVE.

**DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

20. Defendant incorporates and adopts, as though fully set forth herein, its answers to Paragraphs 1 – 19.

21. Denied.

22. Denied.

23. Admit.

24. Admit.

25. Denied.

**A jury trial is demanded on Plaintiff's claim.**

**WHEREFORE**, Defendant prays the Court for a judgment on Count I in its favor, and against Plaintiff, for dismissal of the claim with prejudice, for Defendant's attorneys' fees and the costs of this action, and for such other relief that this Court deems necessary and proper.

**AFFIRMATIVE DEFENSES**

1. For further answer and as an affirmative defense, Defendant denies each and every averment contained in the Complaint that is not specifically admitted herein.

2. For further answer and as an affirmative defense, Defendant states that Plaintiff has failed to state a claim upon which relief can be granted to the extent its declaratory claim seek(s) to vary or contradict terms of a written, integrated, insurance agreement, seeks interpretation of exclusionary clauses against Defendant and/or seeks a declaratory ruling based on a burden of proof that is less than proving there is no possibility of coverage.

3. For further answer and as an affirmative defense, Defendant states Plaintiff waived and/or is estopped from arguing there is no coverage to Defendant under Plaintiff's policy by construing terms within the policy for meanings that are unordinary and outside the reasonable expectations of the parties.

4. For further answer and as an affirmative defense, Defendant states Plaintiff waived and/or is estopped from arguing there is no coverage to Defendant under Plaintiff's policy due to terms in the policy that are ambiguous, duplicitous or difficult to understand.

5. For further answer and as an affirmative defense, Defendant states Plaintiff's prayer for attorneys' fees fails to state a claim upon which relief can be granted in that Plaintiff failed to identify a contractual term that allows it to recover attorneys' fees, a statute that allows

it to recover attorneys' fees, or a basis for not following the American Rule and paying for its own legal fees.

6. For further answer and as an affirmative defense, Defendant reserves the right to seek leave from the Court to assert additional affirmative defenses.

## COUNTERCLAIM

1. Plaintiff/Counterclaim Defendant, Admiral Insurance Company ("**Plaintiff**" or "**Admiral**") is a Delaware insurance corporation with its principal place of business in Scottsdale, Arizona.

2. VERVE Design Studio, Inc. ("**VERVE**" or "**Defendant**") is an architectural corporation organized under the laws of Missouri, and in good standing.

3. Plaintiff issued Professional Liability Policy No. EO000066766-01 ("Policy") to Defendant.

4. At all times herein, VERVE was an architectural firm that provided architectural services to Seneca Development, LLC ("**Developer**") for a new controlled environmental cultivation facility (the "**Project**").

5. On or around September 25, 2025, Developer filed a lawsuit in The Seneca Nation of Indians Peacemakers' Court against VERVE, as well as others.

6. The Developer's claims in the lawsuit concern the heating, ventilation, and air conditioning ("**HVAC**") system that was designed and installed on the Project.

7. The Developer's claims in the lawsuit do not assert any allegations about a deficient architectural design for the Project.

8. VERVE did not create the HVAC design for the Project.

9. VERVE did not specify HVAC equipment and materials to be used in constructing the HVAC system for the Project.

10. VERVE did not install any of the HVAC equipment or components on the Project.

11. VERVE did not construct any part of the HVAC system.

12. Prior to Developer filing the lawsuit, Developer did not make any demand to VERVE to pay Developer money in order to remove, repair, replace or otherwise alter the HVAC system that was designed and installed on the Project.

13. Admiral is an insurance business.

14. Upon information and belief, Admiral is unsophisticated in the topic of commercial construction.

15. Upon information and belief, Admiral is unsophisticated in the topic of professional services provided by design professionals, in general.

16. Upon information and belief, Admiral is unsophisticated in the topic of professional services provided by architects, in particular.

17. Upon information and belief, Admiral is unsophisticated in the topic of architects preparing punch lists during construction projects.

18. Upon information and belief, Admiral is unsophisticated on the topic of the purposes for punch lists on construction projects.

19. Upon information and belief, Admiral's parent corporation, Berkley Insurance Company, provides information and instructions to Admiral employees about how the denial of insurance coverage for professional liability claims that are evaluated to be weak can result in lower costs and increased profits.

20. After September 25, 2025, VERVE promptly notified Plaintiff of the lawsuit filed by Developer, sought a defense of the Developer's claims in the lawsuit, and sought indemnity for any potential damages resulting from the lawsuit.

**COUNT I – Breach of Contract**

21. VERVE adopts and incorporates, as though set forth herein, the allegations in Paragraphs 1 – 20 of the Counterclaim.

22. The written policy of insurance issued by Plaintiff created an obligation and responsibility to defend VERVE against any claim first made against VERVE during the policy period.

23. The Developer's lawsuit was filed and served on VERVE during the policy period for Plaintiff's policy of insurance that had been previously issued to VERVE.

24. Upon receipt of VERVE's notice of the lawsuit filed by Developer, Admiral refused to defend VERVE in the lawsuit, and refused to indemnify VERVE for any damages that may result from the lawsuit.

25. Admiral's refusal to defend VERVE in the Developer's lawsuit breached its contractual responsibilities and obligations to provide a defense to VERVE for the lawsuit.

26. Admiral's refusal to indemnify VERVE for any damages resulting from the Developer's lawsuit breached its contractual responsibility and obligation to provide indemnity to VERVE for the lawsuit.

27. Admiral's refusal to defend and indemnify VERVE for the Developer's lawsuit was not justified under the terms of the policy of insurance issued by Admiral because VERVE

had no knowledge a claim for a non-architectural subject from the Project would be made against VERVE.

28. Admiral's refusal to defend and indemnify VERVE for the Developer's lawsuit was not justified under the terms of the policy of insurance issued by Admiral because VERVE had no knowledge a claim for a HVAC system, which VERVE did not design, specify, install and/or construct, would be made against VERVE.

29. The breach of the policy by Plaintiff caused VERVE to suffer damages, including attorneys' fees, expert fees and related costs to defend itself in the Developer's lawsuit, damages incurred for this matter, including attorneys' fees, expert fees and related costs, and future damages from any damage award that may result from the Developer's lawsuit.

**WHEREFORE**, Defendant/Counterclaimant VERVE Design Studio, Inc., prays the Court for a judgment on Count I against Plaintiff/Counterclaim Defendant Admiral Insurance Company, in an amount that is fair and reasonable under the circumstances and which compensates for all damages caused by Plaintiff/Counterclaim Defendant, which amount is in excess of $25,000.00, for Defendant/Counterclaimant's attorneys' fees and the costs of this action, and for such other relief that this Court deems necessary and proper.

**COUNT II – Bad Faith And Vexatious Refusal To Defend**

30. VERVE adopts and incorporates, as though fully set forth herein, Paragraphs 1 – 29 of this Counterclaim.

31. VERVE provided timely notice of the Developer's lawsuit to Plaintiff and sought a defense from Plaintiff for the claims in the lawsuit.

32. Admiral refused to provide a defense to VERVE.

33. Admiral's basis for not providing a defense to VERVE contended that VERVE had supposed knowledge about Developer's dissatisfaction with the performance of the Project HVAC system that was designed, specified, installed and/or constructed by others, and not VERVE.

34. Admiral's basis for not providing a defense to VERVE contended that VERVE had supposed knowledge about Developer's intent to assert claims against VERVE over Developer's dissatisfaction with the performance of the Project HVAC system that was designed, specified, installed and/or constructed by others, and not VERVE.

35. Admiral's basis for not providing a defense to VERVE contended that VERVE had supposed knowledge about Developer's intent to assert claims against VERVE over Developer's dissatisfaction with the performance of the Project HVAC system that was designed, specified, installed and/or constructed by others, and not VERVE, because the HVAC system, or parts of the system, were identified in punch lists prepared during the Project.

36. Admiral's refusal to provide a defense to VERVE was without reasonable cause and excuse.

37. Admiral's refusal to provide a defense to VERVE was vexatious.

38. Admiral's refusal to provide a defense to VERVE has caused VERVE to suffer damages, including attorneys' fees, expert fees, and related costs in defending the Developer's lawsuit.

39. Admiral's refusal to provide a defense was vexatious and allows for a jury to award VERVE twenty percent of the first $1,500.00 dollars of the loss, and ten percent of the loss above $1,500.00.

**WHEREFORE**, Defendant/Counterclaimant VERVE Design Studio, Inc., prays the Court for a judgment on Count II against Plaintiff/Counterclaim Defendant Admiral Insurance Company, in an amount that is fair and reasonable under the circumstances and which compensates for all damages caused by Plaintiff/Counterclaim Defendant, which amount is in excess of $25,000.00, for Defendant/Counterclaimant's attorneys' fees and the costs of this action, and for such other relief that this Court deems necessary and proper.

**A jury trial is demanded on all of Defendant's Counterclaims**.

Respectfully submitted,

McCARTHY, LEONARD & KAEMMERER, L.C.

By: */s/ Matthew G. Koehler*

Joseph C. Blanner, #50908
jblanner@mlklaw.com
Matthew G. Koehler, #48760
mkoehler@mlklaw.com
825 Maryville Centre Dr., Ste. 300
Town & Country, Missouri 63017
(314) 392-5200 / (314) 392-5221 fax

*Attorneys for Defendant/Counterclaimant VERVE Design Studio, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on April 10, 2026, a true and complete copy of the above document was filed electronically with the Court and service was made through the Court's CM/ECF system on all parties of record.

*/s/ Matthew G. Koehler*

*Attorneys for Defendant/Counterclaimant VERVE Design Studio, Inc.*