**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ADMIRAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff and Counterclaim Defendant** | ) | |
| **vs.** | ) | **Case No.: 4:26-cv-00334** |
| | ) | **Hon. John A. Ross** |
| **VERVE DESIGN STUDIO, INC.** | ) | |
| | ) | |
| **Defendant and Counterclaim Plaintiff** | ) | |

**ADMIRAL'S MOTION TO BIFURCATE COVERAGE ISSUE AND STAY DISCOVERY WITH SUGGESTION IS SUPPORT**

## INTRODUCTION

COMES NOW Admiral Insurance Company (Admiral) and moves pursuant to Federal Rules of Civil Procedure 42(b) and 26(c), to bifurcate the issue of coverage from Verve Design Studio's (Verve) counterclaims and to stay discovery relating to the counterclaims pending resolution of coverage.

This case presents a threshold coverage dispute that can be decided as a matter of law based on the policy language and largely undisputed facts taken from the pleadings. Verve's counterclaims for breach of contract and bad faith/vexations refusal to defend would require broad and burdensome discovery, including non-party discovery involving contractors, subcontractors, and other participants in the underlying construction project located out of state in addition to extensive discovery into claims handling and internal communications. If the Court determines that no coverage exists, those counterclaims will be rendered moot.

Although bifurcation was not addressed in the parties' proposed scheduling order, the need for phased proceeding has become apparent as the issues and anticipated scope of discovery have developed. Addressing coverage first will materially advance the efficient resolution of this case.

Admiral intends to promptly present the coverage issue for resolution by summary judgment relying on admissions made in the pleadings.

## ARGUMENT

### I. The Court Has Authority to Bifurcate and Sequence Discovery.

Federal Rule of Civil Procedure 42(b) permits the Court to order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." The decision on bifurcation is left with to the discretion of the trial court. *Ireland v. Bauer Corp*. 2006 WL 6869426, *2 (W.D.Mo. September 18, 2006). Rule 26(c) further allows the Court to limit or sequence discovery to protect against undue burden or expense.

Courts in this District routinely exercise that discretion to resolve threshold issues before permitting boarder discovery where doing so may dispose of or significantly narrow the case.

### II. Coverage Presents a Threshold Issue Suitable for Early Resolution.

The central dispute in this action is whether the insurance policy affords coverage. That issue is primarily one of contract interpretation applied to a defined set of facts, making it well suited for resolution on summary judgment.

If there is no coverage, Verve's counterclaims-premised on an allegedly improper denial of coverage-will be materially affected and may not proceed. Proceeding with full discovery on the cunterclaims before addressing coverage would be inefficient and unnecessary.

**III. Discovery on the Counterclaims Is Disproportionate at This Stage**

The counterclaims would require expansive discovery into the insurer's internal claims handling, communications, underwriting, and legal analysis. That discovery is significantly broader than what is needed to resolve the coverage issue.

Verve's counterclaims also implicate issues relating to the insurer's reliance on legal advice during the coverage analysis. Discovery into those areas is inherently intrusive and raises complex privilege and work-product issues that should not be addressed unless and until coverage is established.

In addition, discovery relating to Verve's counterclaims will necessarily require extensive fact discovery beyond the insurer's claim handling, including deposition of multiple non-party witnesses involved in the underlying construction project, such as contractors, subcontractors, and other project participants. Coordination and taking those depositions which involve out of state non-party witnesses will be time-consuming and costly. Proceeding with such discovery now would impose significant burden on the parties and non-party witnesses alike, without any corresponding benefit. If the Court determines that no coverage exists, all of this discovery will be unnecessary.

**IV. Bifurcation and a Stay Will Promote Efficiency and Avoid Unnecessary Disputes.**

Bifurcation and a temporary stay of counterclaim discovery will:

* Focus the cast on a dispositive threshold issue;
* Avoid unnecessary depositions and document production;
* Prevent premature and potentially avoidable disputes regarding privilege and waiver;
* Reduce litigation costs for parties and non-parties alike; and
* Conserve judicial resources.

Verve will not be prejudiced by this approach, as it may pursue its counterclaims when and if coverage is established.

### V. Alternatively, the Court Should Order Phased Discovery.

If the Court declines to formally bifurcate the claims, Admiral respectfully requests that the Court order phased discovery, limiting initial discovery to coverage issues and deferring discovery related to the counterclaims pending resolution of coverage.

## CONCLUSION

For these reasons, Admiral respectfully request that the Court bifurcate the issue of coverage from Verve's counterclaims pending resolution of coverage. Addressing coverage first will eliminate or substantially narrow the need for extensive discovery, including non-party depositions of project participant, and will promote the efficient resolution of this case. In the alternative, Admiral requests that the Court order phased discovery limited to initially to coverage issues.

Admiral further requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Rasmussen Dickey Dioszeghy Henry Ijei, LLC**

*/s/ Gregory T. Henry*
Gregory T. Henry, MO Bar No. 63391
Martha A. Halvordson MO Bar No. 33545
1001 E. 101st Terr., Suite 300
Kansas City, MO 64131
Telephone: (816) 960-1611
Facsimile: (816) 960-1669
ghenry@rddhi.law
mhalvordson@rddhi.law
**Attorneys for Plaintiff Admiral Insurance Company**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 1st day of June 2026, a true and correct copy of the foregoing was served via email to all counsel of record.

*/s/ Gregory T. Henry*
Gregory T. Henry