**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00334-JAR |
| | ) | |
| VERVE DESIGN STUDIO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED CASE MANAGEMENT ORDER – TRACK 2: STANDARD

This matter is before the Court following submission by the parties of a Joint Proposed Scheduling Plan. ECF No. 24. Having reviewed the Joint Proposed Scheduling Plan, the Court will adopt the following amended Case Management Order. Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following amended schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

1. **Track**: This case has been assigned to **Track 2 (Standard)**.

2. **Scope of Discovery**: Phase I discovery shall be limited to nonprivileged information directly relevant to coverage issues:

    a. The insurance;

    b. Interpretation of the insurance policy;

    c. Application of policy provisions, exclusions, endorsements and conditions;

    d. The allegations in the underlying action;

    e. Whether Plaintiff owes a duty to defend;

    f. Whether Plaintiff owes a duty to indemnify to the extent the issue is ripe for adjudication;

g.  Any affirmative defenses directed to coverage issues; and

h.  Any other nonprivileged facts necessary to resolve the coverage issues presented in the pleadings and not otherwise addressed above.

3. **Stayed Discovery**: Until further Order of the Court, certain discovery identified by the parties relating to:

   a.  Bad faith claims;

   b.  Vexatious refusal claims;

   c.  Extra-contractual claims;

   d.  Claim reserves;

   e.  Reinsurance;

   f.  Attorney evaluations;

   g.  Litigation strategy;

   h.  Damages allegedly resulting from denial of coverage; and

   i.  Matters directed solely to indemnity that are not necessary to resolution of the duty to defend issues shall be stayed.

4. **Amendment/Joinder**: Amendment of pleadings and/or joinder of parties closed as of **July 10, 2026**.

5. **Disclosures**: Disclosure shall proceed in the following manner:

   a.  The parties have made all disclosures required by Fed. R. Civ. P. 26(a)(1) as of **June 3, 2026**.

   b.  The parties anticipate that expert discovery will not be necessary for determination of the coverage issues. Should either party determine expert testimony is necessary, the parties shall promptly notify the Court and confer regarding an amended scheduling order.

   c.  Pursuant to Fed. R. Civ. P. 26(f)(3)(D), the parties agree that the inadvertent production of information subject to attorney-client privilege, work-product

2

protection, or any other applicable privilege shall not constitute a waiver of such protection.

d.  All Phase I fact discovery shall be completed no later than **October 30, 2026**. Discovery requests must be served sufficiently in advance of the deadline so that responses are due before the discovery completion date.

e.  Any motion relating to Phase I discovery shall be filed no later than **November 13, 2026**.

6.  **Exhibits**: Each exhibit filed with any motion must be labeled with a description of the document, as required by Section II.F of the Court's CM/ECF Procedures Manual.

7.  **Artificial Intelligence**: Any use of artificial intelligence is subject to the standards and sanctions set forth in Fed. R. Civ. P. 11.

8.  **Dispositive Motions**: Any motion seeking summary judgment or partial summary judgment regarding coverage or the duty to defend shall be filed no later than **November 30, 2026**. Briefing shall be governed by Local Rule 4.01.

9.  **ADR**: If necessary, the Court will refer the matter for mediation following the disposition of the Phase I coverage issues.

10. **Trial:** If necessary, the Court will schedule a trial on Phase I coverage issues on a date to be determined by order of the Court.

11. **Phase II Remaining Claims**: If any claims remain following resolution of Phase I:

a.  Discovery concerning vexatious refusal, extra-contractual damage, indemnity issues and other claims remain stayed pending further order of the Court.

b.  Within fourteen days after entry of an order resolving the Phase I coverage issues, the parties shall submit a Joint Proposed Amended Case Management Order establishing deadlines for:

     i.    Additional fact discovery;
    ii.   Expert disclosures' Expert discovery;
   iii.  Dispositive motions; and
    iv.   Trial.

c.  No Phase II discovery may proceed absent agreement of the parties or further

Order of the Court.

12. **Chambers Requirements**: All attorneys and self-represented litigants are directed to review the undersigned's chambers requirements, available on Court's website (www.moed.uscourts.gov) under the tab Court Business / Judges' Contact Information and Requirements.

Dated this 20th day of July, 2026.

John A. Ross
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**